U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 3 0 2016

TONY R. MOORE   CLERK
BY _____
         DEPUTY

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JESSE B. RODRIGUEZ,<br>Petitioner | CIVIL ACTION NO. 1:16-CV-323;<br>SECTION "P" |
| VERSUS | CHIEF JUDGE DRELL |
| J. A. BARNHART,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Pro se Petitioner Jesse B. Rodriguez filed a petition for writ of habeas corpus (28 U.S.C. § 2241) on March 7, 2016. His filing fee was received on March 15, 2016. Petitioner is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Petitioner challenges a disciplinary conviction from the Federal Correctional Center in Beaumont, Texas ("FCC Beaumont").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Procedural Background

According to the petition and exhibits, Petitioner was charged on June 28, 2015, with possession of tobacco and possession of a weapon. (Doc. 1, p. 25). In ruling on the charges, the hearing officer relied on the reporting officer's statement that he stopped Petitioner and ordered him to submit to a random pat search. Petitioner complied, and the officer discovered 14 small bags of tobacco in Petitioner's pocket.

(Doc. 1, p. 25). A more thorough search of Plaintiff's cell was subsequently conducted, where the reporting officer discovered a 7¼ inch homemade metal weapon. The weapon was hidden in Petitioner's bed post. (Doc. 1, p. 25). Petitioner admitted possessing the tobacco, but he denied knowledge of the weapon. (Doc. 1, p. 25). Nonetheless, Petitioner was convicted of both disciplinary offenses. (Doc. 1, p. 26).

Petitioner appealed the disciplinary conviction as to possession of the weapon. In summarizing the facts and evidence, the Regional Director noted that the bunk in which the weapon was found was Petitioner's bed, and that Petitioner's mail was under the mattress. (Doc. 1, p. 23). Petitioner complains that the hearing officer's report does not mention Petitioner's mail being under the mattress. (Doc. 1, p. 23). Petitioner claims that his due process rights were violated because he was not provided notice of the mail allegedly found under his mattress. Thus, he claims that the Regional Director's reliance on the mail in affirming his conviction was improper.

Petitioner states that he sought review at the national level, but the appeal was rejected because Petitioner did not provide a copy of the regional level appeal or response. (Doc. 1, p. 16).

## Law and Analysis

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Accordingly, a prisoner is entitled to only the following: (1) written notice of the charges at least 24 hours prior to the disciplinary hearing; (2) an opportunity "to call witnesses and present evidence in his defense

2

when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals;" and (3) "a written statement by the factfinders of the evidence relied on and the reasons for the disciplinary action." Id. at 563–70; see also Morgan v. Quarterman, 570 F.3d 663, 668 (5th Cir. 2009). In addition, there must be "some evidence" in the record to support the disciplinary decision. Morgan, 570 F.3d at 668.

Even if a prisoner establishes that he was denied the procedural protections guaranteed by Wolff, he must further establish that he was prejudiced by the constitutional violation in order to obtain habeas relief. See Hallmark v. Johnson, 118 F.3d 1073, 1080 (5th Cir. 1997) (upholding denial of habeas relief where insufficient notice of disciplinary charge was provided because inmate failed to demonstrate prejudice); see also Brown v. Collins, 937 F.2d 175, 182 (5th Cir. 1991) ("Before we will issue the Great Writ, the petitioner must demonstrate that he has suffered some prejudice as a result of the alleged constitutional violation.").

Petitioner has not alleged facts to show that he was deprived of the procedural protections guaranteed by Wolff. Petitioner was provided written notice of the charges at least 24 hours prior to the disciplinary hearing. He was provided, but declined, an opportunity to call witnesses. He presented evidence in his defense when he testified, "I had the tobacco. I had no knowledge of the weapon." (Doc. 1, p. 24). Petitioner was provided a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Therefore, Petitioner was not deprived of procedural due process.

3

Next, Petitioner argues that, in affirming the conviction, the Regional Director improperly relied on evidence of mail allegedly found under Petitioner's mattress, which was not mentioned in the hearing officer's report. It is unclear whether this mail was mentioned elsewhere in the record, as Petitioner did not attach to his § 2241 petition a copy of the incident report. Regardless, with or without the existence of, or reliance on, the mail under the mattress, there is sufficient evidence to support Petitioner's conviction.

Due process requires that there be "some evidence to support the findings made in the disciplinary hearing." Hudson v. Johnson, 242 F.3d 534, 536 (5th Cir. 2001)(citing Superintendent, Massachusetts Correctional Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985)). "The goal of this standard - variously a 'modicum of evidence,' 'any evidence,' or 'some evidence' - is to balance the need to prevent arbitrary deprivation of protected liberty interests with the need to acknowledge institutional interests and avoid administrative burdens." Id. Prison disciplinary proceedings are overturned only where *no evidence* in the record supports the decision. See id.; Broussard v. Johnson, 253 F.3d 874, 877 (5th Cir. 2001); Zapata v. Purdy, 204 F.3d 1116 (5th Cir. 1999), cert. denied, 529 U.S. 1045 (2000).

The Court is not required to examine the entire record, to assess independently the credibility of witnesses, or to weigh the evidence. See Walls v. Chapman, 408 Fed. Appx. 858, 860 (5th Cir. 2011) (citing Hill, 472 U.S. at 455). Determining the believability of the testimonies presented at the hearing is left to the discretion of the

4

hearing officer. See Hudson v. Johnson, 242 F.3d 534, 537 (5th Cir. 2001). The information provided in a written incident report, standing alone, can satisfy the "some evidence" standard. Hudson v. Johnson, 242 F.3d at 536–37.

In this case, there is "some evidence" of Petitioner's guilt. Petitioner does not deny that a weapon was found, or that it was found on his bunk. Instead, Petitioner argues that numerous inmates had access to the bunk in the "open dorm" living area, and that no mail was found under Petitioner's mattress. Petitioner is responsible for his immediate environs, as stated in the Regional Director's findings. (Doc. 1, p. 23). See e.g. Stiger v. Warden, 389 F. App'x 337, 339 (5th Cir. 2010)( incident report alone was entitled to more weight than Petitioner's disavowal of knowledge of weapon and claim that it had been planted in his cell by another inmate or a staff member). Thus, even without reliance on the existence of the mail, there is "some evidence" to support a finding of guilt.

For the foregoing reasons, **IT IS RECOMMENDED** that Petitioner's § 2241 petition be **DENIED** and **DISMISSED** with prejudice.

Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection

to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 30th day of March, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge